UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,
               Plaintiff,
v.                                          **OPINION AND ORDER**

THERESA COLMEY, DAVID COLMEY,      18 CV 9259 (VB)
TONYA ANTHONY, individually and as mother
and natural guardian of B.S., a minor,
               Defendants.
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Metropolitan Property and Casualty Insurance Company brings this action against defendants Theresa Colmey, David Colmey (together, the "Colmeys"), and Tonya Anthony, individually and as mother and natural guardian of B.S., a minor, seeking declaratory relief pursuant to 28 U.S.C. § 2201.

      Now pending is plaintiff's unopposed motion for judgment on the pleadings. (Doc. #23). Specifically, plaintiff seeks a declaration that it has no obligation to defend or indemnify the Colmeys in connection with an action brought by Anthony against the Colmeys in state court.[1] For the reasons set forth below, the motion is GRANTED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] Despite being represented by counsel, the Colmeys did not oppose the motion. Anthony, who was named as a defendant "because her rights may be affected by the determination of this action" (Compl. ¶ 7), and whose attorney waived service of the summons and complaint (Doc. #15), did not appear or file an answer or opposition to the motion.

1

**BACKGROUND**

I.   The Anthony Action

In June 2018, Anthony, individually and on behalf of B.S., her minor daughter, commenced an action (the "Anthony action") against the Colmeys in New York Supreme Court, County of Putnam.[2]  The Anthony action states that on May 18, 2017, T.C., the Colmeys' minor son, drugged and sexually assaulted B.S.  In October 2017, in connection with the assault, T.C. pleaded guilty to two violations of the New York Penal Laws:  (i) felony sexual abuse in the first degree, in violation of Section 130.65(2); and (ii) misdemeanor sexual misconduct, in violation of Section 130.20(1).

The Anthony action contains one cause of action against the Colmeys, for negligent supervision of T.C.  At bottom, the Anthony action contends the sexual assault of B.S. would not have occurred but for the Colmeys' failure to "properly or reasonably supervise" T.C.  (Doc. #23-5 ¶ 17).

The Anthony action alleges B.S. suffered physical, psychological, and emotional injuries related to the assault.  It also states Anthony has incurred, and will continue to incur, costs and expenses in treating B.S.'s injuries from the assault.  In all, the Anthony action seeks $1 million in damages from the Colmeys.

II.   The Instant Dispute

Plaintiff, a Rhode Island insurance company, issued the Colmeys a homeowners insurance policy (the "policy"), effective February 9, 2017, through February 9, 2018. Accordingly, the policy was in effect at all times relevant to the May 18, 2017, sexual assault.

---

[2]   "Anthony action" refers to the case itself, as well as the complaint filed therein.  (See Doc. #23-5).

Plaintiff commenced the instant action against defendants, seeking a declaration that it has no duty to defend or indemnify the Colmeys in the underlying Anthony action.

The Colmeys counterclaim for a declaration that plaintiff has such duty, "regardless of whether the claims arose from an otherwise excludable act." (Doc. #19 ¶ 45).

## DISCUSSION

I.  Standard of Review

At any time after the pleadings close and before trial commences, a party may move for judgment on the pleadings under Rule 12(c). See Citibank, N.A. v. Morgan Stanley & Co. Int'l, PLC, 724 F. Supp. 2d 407, 414 (S.D.N.Y. 2010). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw Enters., 448 F.3d 518, 520 (2d Cir. 2006).[3]

In either case, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

"Judgment on the pleadings may be granted only if, on the facts admitted, the moving party is clearly entitled to judgment." David v. Rabuffetti, 2011 WL 1346997, at *2 (S.D.N.Y. Mar. 30, 2011) (quoting La Miranda Prods. Co. v. Wassall PLC, 823 F. Supp. 138, 140

---

[3] Unless otherwise indicated, case quotations omit all citations, internal quotations, footnotes, and alterations.

(S.D.N.Y. 1993)). In evaluating the motion, "a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." In re Thelen LLP, 736 F.3d 213, 219 (2d Cir. 2013).

On March 23, 2019, plaintiff moved for judgment on the pleadings. Defendants have not opposed the motion.

II.     Application

Plaintiff argues the policy excludes coverage for the claims against the Colmeys in the underlying Anthony action, and that plaintiff is not obligated to defend or indemnify the Colmeys in the Anthony action.

The Court agrees.

Under New York law, "[a]n insurance policy is a contract which, like any other contract, must be construed to effectuate the parties' intent as expressed by their words and purposes." Li-Shan Wang v. Primerica Life Ins. Co., 2010 WL 4537092, at *4 (S.D.N.Y. Nov. 5, 2010) (quoting Am. Home Prods. Corp. v. Liberty Mut. Ins. Co., 565 F. Supp. 1485, 1492 (S.D.N.Y. 1983)). When the words of the policy are unambiguous, "then a New York court must enforce the plain meaning of the words and refrain from making or varying 'the contract of insurance to accomplish its notions of abstract justice or moral obligation.'" Am. Home Prods. Corp. v. Liberty Mut. Ins. Co., 565 F. Supp. at 1492 (quoting Breed v. Ins. Co. of N. Am., 46 N.Y.2d 351, 355 (1978)).

    A.     Intentional Conduct

Plaintiff argues the policy's intentional act exclusion precludes coverage for any injuries resulting from the May 18, 2017, assault.

The Court agrees.

"[A]n insurance provider's duty to defend is determined solely by comparing the allegations on the face of the underlying complaint[] to the terms of the policy." Fed. Ins. Co. v. Weinstein, 2019 WL 1407455, at *3 (S.D.N.Y. Mar. 28, 2019) (citing Euchner-USA, Inc. v. Hartford Cas. Ins. Co., 754 F.3d 136, 140 (2d Cir. 2014)). "It is settled that an insurer must afford its insured a defense unless it can show that the allegations of the complaint put it solely within [a] policy exclusion." Allstate Ins. Co. v. Mugavero, 79 N.Y.2d 153, 162 (1992). Indeed, "a defense obligation may be avoided only where there is 'no possible factual or legal basis' on which an insurer's duty to indemnify under any provision of the policy would be held to attach." Century 21, Inc. v. Diamond State Ins. Co., 442 F.3d 79, 82–83 (2d Cir. 2006) (quoting Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford, 64 N.Y.2d 419, 424 (1985)).

The Colmeys' policy defines the terms "you" and "your" as:

1. the person or persons named in the Declarations and if a resident of the same household:
    A. the spouse of such person or persons;
    B. the relatives of either; or
    C. any other person under the age of twenty-one in the care of any of the above.

(Doc. #23-6 (the "Policy") at ECF 10). Under this definition, the Colmeys' minor son, T.C., was an insured under the policy at the time of the assault.

The policy provides personal liability coverage for claims made against any insured for damages because of bodily injury caused by an "occurrence," which the policy defines as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions during the term of the policy." (Policy at ECF 10). Yet, the policy excludes from coverage bodily injury "which is reasonably expected or intended by you or which is the result of

5

your intentional and criminal acts or omissions." (Id. at ECF 47). Again, the terms "you" and "your" include T.C. (Id. at ECF 10).

Here, the Anthony action alleges T.C. perpetrated a sexual assault and that B.S. sustained bodily injury as a result. In other words, B.S.'s alleged injuries are "the result of" T.C.'s intentional criminal conduct, for which he has pleaded guilty. (See Policy at ECF 47). The same would be true even if the Colmeys' indeed were negligent in the supervision of their minor son. Either way, T.C.'s conduct was intentional.

In making this determination, the Court is guided by Kantrow v. Security Mutual Insurance Co., 49 A.D.3d 818 (2d Dep't 2008). There, plaintiff parents of a minor accused of sexually assaulting another minor sued their homeowners policy insurer for a declaration obligating the insurer to defend and indemnify them in an underlying action brought by the victim and her mother. Id. at 818–19. The complaint in the underlying action accused the plaintiff parents of negligent supervision, specifically the "careless and negligent . . . failure to properly supervise their minor son, who [they] knew had a predisposition to commit sexual acts." Id. at 818. The court, relying on the New York Court of Appeals' decision in Allstate Ins. Co. v. Mugavero, 79 N.Y.2d 153 (1992), affirmed the trial court's determination that one minor's sexual assault of another constituted an intentional act for which the plaintiff parents' insurance policy did not provide coverage. Id. at 819 ("Thus, despite the fact that the underlying complaint couches its allegations against the Kantrows in negligence by asserting that the Kantrows permitted or failed to stop their son's conduct, coverage is excluded, since the gravamen of the underlying action seeks to hold the Kantrows liable for the injuries resulting from their son's intentional acts." (citing Allstate Ins. Co. v. Mugavero, 79 N.Y.2d at 163–64)).

Here, just the same. The "gravamen" of the Anthony action seeks to hold the Colmeys liable for injuries resulting from T.C.'s intentional acts. See Kantrow v. Sec. Mut. Ins. Co., 49 A.D.3d at 819. Accordingly, the policy's intentional act exclusion precludes coverage for any alleged harm resulting from T.C.'s intentional conduct.

B. T.C.'s Conduct Is Not a Covered "Occurrence"

Plaintiff also argues T.C.'s conduct is not an "occurrence" subject to coverage and an obligation to defend and/or indemnify, relying on the policy's definition of "occurrence" as an "accident." (Policy at ECF 10).

The Court agrees.

An act of assault, including sexual assault, especially against a minor, is not an accident, and thus does not comport with the definition of "occurrence" for which a homeowners insurance policy affords coverage. See, e.g., Kantrow v. Sec. Mut. Ins. Co., 49 A.D.3d at 819 (affirming determination that minor's sexual assault of another minor is not an accident, as "any resulting injuries [the victim] sustained are deemed to have inherently flowed from [the] conduct"); see also Allstate Ins. Co. v. Mugavero, 79 N.Y.2d at 161; State Farm Fire & Cas. Co. v. Joseph M., 106 A.D.3d 806, 807–08 (2d Dep't 2013); Allstate Ins. Co. v. Schimmel, 22 A.D.3d 616, 616 (2d Dep't 2005) (collecting cases).

Accordingly, T.C.'s conduct is not a covered "occurrence" within the meaning the policy, and thus does not give rise to an obligation to defend and/or indemnify.

C. Joint Obligations Clause

Plaintiff further argues the "joint obligations clause" of the policy bars coverage for the claims asserted against the Colmeys in the underlying Anthony action. The provision states as follows:

7

> The terms of this policy impose joint obligations on all persons defined as you. This means that the responsibilities, acts and failures to act of a person defined as you will be binding upon another person defined as you.

(Policy at ECF 9). Hence, according to plaintiff, T.C.'s conduct is binding on the Colmeys, and for this reason, the negligent supervision claim asserted against them in the Anthony action cannot give rise to an obligation of plaintiff to defend or indemnify.

The Court need not reach this issue. As noted herein, the factual predicate underlying the Anthony action demonstrates the victim's alleged harm resulted from an intentional act. See Kantrow v. Sec. Mut. Ins. Co., 49 A.D.3d at 819. Such remains true even if the Colmeys were bound by their minor son's conduct pursuant to a joint obligations clause. See id.; see also, e.g., Allstate Ins. Co. v. Steele, 74 F.3d 878, 881 (8th Cir. 1996) ("Even if the joint obligations clause did not bar [] claims [against the insureds], however, other policy language precludes recovery for negligent supervision. As we have already noted, the policy does not cover damages 'resulting from' intentional misconduct."); id. (noting the harm at issue resulted from an intentional act, and a claimant "cannot circumvent the policy's intentional conduct exclusion by suing the [the parents of minor wrongdoer] for negligent supervision.").

Accordingly, the policy does not provide coverage for the alleged resulting harm, and does not obligate plaintiff to defend or indemnify the Colmeys in the Anthony action.

D. Anthony's Individual Claim

Finally, plaintiff argues the policy excludes coverage as to Anthony's individual claim in the underlying Anthony action.

The Court agrees.

Anthony's individual claim against the Colmeys—for costs and expenses to care for and treat B.S.'s injuries—is derivative of the alleged injuries sustained by B.S. As noted above, the

policy does not cover bodily injury resulting from T.C.'s intentional conduct. Accordingly, the policy excludes coverage for any claim relating to the assault that Anthony herself asserts against the Colmeys.

To the extent Anthony also alleges emotional damages, coverage for such claim would be barred as well, as the policy excludes from coverage emotional and mental anguish damages unless the claimant "has first experienced direct physical harm." (Policy at ECF 35).

Accordingly, the policy excludes coverage as to Anthony's individual claim against the Colmeys in the underlying Anthony action.

## CONCLUSION

The motion for judgment on the pleadings is GRANTED.

By December 4, 2019, plaintiff shall submit a proposed judgment in accordance with Local Civil Rule 77.1.

The Clerk is instructed to terminate the motion. (Doc. #23).

Dated: November 20, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge